IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JASON WARE,

    Plaintiff,

 v.

ANTHONY HEDGPETH, Warden,

    Defendant.

No. C 10-02865 SBA (PR)

**ORDER ACKNOWLEDGING PLAINTIFF'S NOTICES OF VOLUNTARY DISMISSAL OF THIS ACTION AS FILED IN ERROR**

(Docket nos. 2, 9, 11)

    Plaintiff Michael Jason Ware, a state prisoner incarcerated at Salinas Valley State Prison, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Anthony Hedgpeth and Ramone Haluche.

    Plaintiff has submitted two documents, the first entitled, "Motion to Dismiss Plaintiff[']s Claim and Forma Pauperis" filed on July 9, 2010, and the second entitled, "Motion to Dismiss the Civil Rights Complaint and Forma Pauperis" filed on July 26, 2010 (docket nos. 9, 11). Plaintiff states that he moves for the Court to dismiss the above-referenced action because "he was not aware the Court[] was going to require prepay and take a percentage of incomeing [sic] money to prisoners account." (Pl.'s July 26, 2010 Mot. at 2.) He adds, "I am unable to pay the cost now or later of this action because of poverty." (Id.)

    A plaintiff has the absolute right to dismiss his or her action by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). Said dismissal may be with or without prejudice, but unless plaintiff's notice of dismissal states otherwise, it is deemed to be "without prejudice." See Fed. R. Civ. P. 41(a)(1); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir. 1959). No court order is required. Plaintiff's notice of dismissal is effective by itself to terminate the action: "[A]n action may be dismissed by the plaintiff without order of the court . . . by filing a notice of dismissal." Fed.

R. Civ. P. 41(a)(1); see also Hamilton v. Shearson-Lehman American Exp. Inc., 813 F.2d 1532, 1534-1536 (9th Cir. 1987) (Rule 41(a)(1)(i) does not require leave of court to dismiss the action).

The Court will construe Plaintiff's above-referenced motions to dismiss as notices of dismissal. Plaintiff states: "I know [sic] longer wish to pursue this matter and ask the Court to dismiss the complaint and [in] forma pauperis form [because he] feels it will be a grave hardship to pay a fee of $350.00 due to other Court obligations, and prison tax fees, etc. [sic]." (Pl.'s July 26, 2010 Mot. at 1.) He claims that he "do[es] not have sufficient funds to pay Court filing [fees] and to pay for monthly toothpaste, deordarant [sic], etc. [sic]" and that "[his] monthly income will be taken up by Court fees leaving [him with] nothing left." (Pl's July 9, 2010 Mot. at 1-2.) Finally, he states:

> I hereby wish to have this Court dismiss my claim and filing fee due to hardship of funds. I have no further complaint to pursue this matter! And for the Court to stop [the] order of [payment of the] filing fee. I no longer wish to excersize [sic] my civil rights against defendant Anthony Hedg[]peth and Ramone Haluche.

(Id. at 2.) Plaintiff appears to argue that his complaint was filed in error because he was not aware that he was required to pay the $350.00 filing fee. Therefore, he wishes to voluntarily dismiss this action as filed in error.

Plaintiff's notices of dismissal were filed before service by the adverse party of an answer, therefore, the Court finds that Plaintiff has the absolute right to dismiss his action voluntarily. See Fed. R. Civ. P. 41(a)(1)(i). Accordingly, the Court acknowledges that this action is DISMISSED without prejudice as filed in error. Id. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

The Clerk of the Court shall terminate all pending motions and close the file. Because this case was filed in error, no filing fee payments are required from Plaintiff in this action. Therefore, the Court TERMINATES his motion for leave to proceed in forma pauperis (docket no. 2) as unnecessary.

This Order terminates Docket nos. 2, 9 and 11.

IT IS SO ORDERED.

DATED: 3/31/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.10\Ware2865.dismissal.wpd 2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JASON WARE,

        Plaintiff,

  v.

ANTHONY HEDGEPETH et al,

        Defendant.

Case Number: CV10-02865 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Jason Ware P-73517
Salinas Valley State Prison
SVSP
P. O. Box 1050
Soledad, CA 93960

Dated: April 7, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Ware2865.dismissal.wpd